| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | WESTERN DISTRICT OF TEXAS MIDLAND DIVISION |

| | | |
|---|---|---|
| DAVID LEE STALNAKER Individually and On Behalf of All Others Similarly Situated, *Plaintiff(s)*, v. A-1 OFFICE FURNITURE, LLC and SHAWN MATLACK, *Defendant(s)*. | § § § § § § § § § § § § § | No. 7:22-000001 |

## PLAINTIFF DAVID LEE STALNAKER'S ORIGINAL COMPLAINT

Plaintiff David Lee Stalnaker (referred to as "Stalnaker") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant A-1 Office Furniture, LLC (referred to as "A-1") and Defendant Shawn Matlack (referred to as "Matlack") to recover unpaid overtime wage, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1. Stalnaker's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. A-1 and Matlack violated the FLSA by employing Stalnaker and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. A-1 and Matlack willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6. A-1 and Matlack violated the FLSA by failing to maintain accurate time and pay records for Stalnaker and other similarly situated nonexempt employees as required by 29 U.S.C. §211(c) and 29.

7. Stalnaker brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of A-1 and Stalnaker who were paid at the same rate of pay for all of the hours they worked during the past three years.

## II.  Jurisdiction & Venue

8. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

9. Venue is proper in this district and division because a substantial part of the events or omA-1 and Matlackions giving rise to Stalnaker's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III.  Parties

10. Stalnaker is an individual who resides in Midland County and who was employed by A-1 and Matlack during the last three years.

11. A-1 is a Texas limited liability corporation that may be served with process by serving its registered agent:

>Shawn A. Matlack
>3402 West CR 184
>Midland, Texas 79706

Alternatively, if the registered agent of A-1 cannot with reasonable diligence be found at the company's registered office, A-1 may be served with process by serving the Texas

Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Matlack is an individual and may be served with process at:

> Shawn A. Matlack
> 3402 West CR 184
> Midland, Texas 79706

Alternatively, Matlack may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13. An allegation that A-1 committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of A-1 or was done in the normal course and scope of employment of A-1's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

14. A-1 sells, delivers, assembles and installs new office furniture in and around the Permian Basin.

15. A-1 does business in the territorial jurisdiction of this Court.

16. A-1 employed Stalnaker from approximately 2017 to April 22, 2021.

17. A-1 employed Stalnaker as a laborer/furniture delivery.

18. Matlack was also Stalnaker's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire A-1 employees, including Stalnaker; (2) supervised or controlled A-1 employee schedules or conditions of employment, including Stalnaker's schedule and/or conditions of employment; (3) determined the rate or method of payment for A-1 employees, including Stalnaker; and/or (4) maintained A-1 employee records, including Stalnaker's records.

19. As a laborer/furniture delivery, Stalnaker was primarily responsible for, among other duties, local furniture delivery, assembly and other things.

20. During Stalnaker's employment with A-1 and Matlack, he was engaged in commerce or in the productions of goods for commerce.

21. During Stalnaker's employment with A-1 and Matlack, the company had employees engaged in commerce or in the production of goods for commerce.

22. During Stalnaker's employment with A-1 and Matlack, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23. During Stalnaker's employment with A-1 and Matlack, the company had an annual gross volume of sales made or business done of at least $500,000.

24. A-1 and Matlack paid Stalnaker on an hourly basis.

25. A-1 and Matlack paid Stalnaker on a weekly basis.

26. During Stalnaker's employment with A-1 and Matlack, he regularly worked in excess of forty hours per week.

27. A-1 and Matlack knew or should have known that Stalnaker worked in excess of forty hours per week.

28. A-1 and Matlack did not pay Stalnaker for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

29. Instead, A-1 and Matlack paid Stalnaker at the same rate of pay for all of the hours he worked.

30. Additionally, A-1 and Matlack often required Stalnaker to work but refused to pay him for any work beyond forty hours per week.

31. In other words, A-1 and Matlack refused to pay Stalnaker for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., it required Lobo to work "off-the-clock").

32. Stalnaker was not exempt from the maximum hour requirements of the FLSA.

33. As a laborer/furniture delivery, Stalnaker's primary duties were nonexempt.

34. As a laborer/furniture delivery, Stalnaker's primary duties did not include office or nonmanual work.

35. As a laborer/furniture delivery, Stalnaker's primary duties were not directly related to the management or general business operations of A-1 and Matlack's its customers.

36. As a laborer/furniture delivery, Stalnaker's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

37. As a laborer/furniture delivery, Stalnaker did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

38. As a laborer/furniture delivery, Stalnaker was, instead, required to follow A-1 and Matlack's policies, practices and procedures.

39. As a laborer, machine operator and/or welder, Stalnaker did not have any independent authority to deviate from A-1 and Matlack's policies, practices and procedures.

40. A-1 and Matlack knew or should have known that Stalnaker was not exempt from the maximum hour requirements of the FLSA.

41. A-1 and Matlack willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

42. During Stalnaker's employment with A-1 and Matlack, the company did not maintain accurate time and pay records for Stalnaker as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

43. During Stalnaker's employment with A-1 and Matlack, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

44. A-1 and Matlack continued the pay practice(s) complained of by Stalnaker without investigation after being put on notice that the pay practice(s) violated the FLSA.

45. A-1 and Matlack has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

46. Prior to this lawsuit, A-1 and Matlack conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Stalnaker.

47. Because A-1 and Matlack willfully violated the FLSA, the company is liable to Stalnaker for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

48. As a result of the FLSA violation(s) described above, A-1 and Matlack is liable to Stalnaker for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

49. All hourly workers employed by A-1 and Matlack during the last three years are similarly situated to Stalnaker because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from A-1 and Matlack under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

50. Stalnaker adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

51. During Stalnaker's employment with A-1 and Matlack, he was a nonexempt employee.

52. As a nonexempt employee, A-1 and Matlack was legally obligated to pay Stalnaker "at a rate not less than one and one-half times the regular rate at which he

[was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

53. A-1 and Matlack did not pay Stalnaker "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

54. Instead, A-1 and Matlack paid Stalnaker at the same rate of pay for all of the hours he worked.

55. Additionally, A-1 and Matlack often required Stalnaker to work but refused to pay him for any work beyond forty hours per week.

56. In other words, A-1 and Matlack refused to pay Stalnaker for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., it required Lobo to work "off-the-clock").

57. If A-1 and Matlack classified Stalnaker as exempt from the maximum hour requirements of the FLSA, he was misclassified.

58. As a result of the FLSA violation(s) described above, A-1 and Matlack are liable to Stalnaker for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

59. Stalnaker adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

60. A-1 and Matlack willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

61. During Stalnaker's employment, the company did not maintain accurate time and pay records for Stalnaker as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

62. During Stalnaker's employment with A-1 and Matlack, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

63. A-1 and Matlack continued the pay practice(s) complained of by Stalnaker without investigation after being put on notice that the pay practice(s) violated the FLSA.

64. A-1 and Matlack has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

65. Prior to this lawsuit, A-1 and Matlack conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Stalnaker.

66. Because A-1 and Matlack willfully violated the FLSA, the company and Matlack are liable to Stalnaker for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

67. Stalnaker adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

68. On information and belief, other employees of A-1 and Matlack have been victimized by the FLSA violation(s) described above.

69. These employees are similarly situated to Stalnaker because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

70. A-1 and Matlack's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

71. Since Stalnaker's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

72. For these reasons, Stalnaker requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All hourly workers employed by A-1 and Matlack during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked and/or who were not paid for all hours worked.

73. A-1 and Matlack are liable to Stalnaker and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

74. Stalnaker has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

75. Stalnaker adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

76. Stalnaker is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

77. Stalnaker is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

78. Stalnaker has retained the professional services of the undersigned attorneys.

79. Stalnaker has complied with the conditions precedent to recovering attorney's fees and costs.

80. Stalnaker has incurred or may incur attorney's fees and costs in bringing this lawsuit.

81. The attorney's fees and costs incurred or that may be incurred by Stalnaker were or are reasonable and necessary.

82. A-1 and Matlackare liable to Stalnaker and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

83. Stalnaker demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Stalnaker for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against A-1 and Matlack in Stalnaker's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against A-1 and Matlack in Stalnaker's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**